# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| JASON W. CLARK, | No. C 14-2667 LB |
| Petitioner, | **ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE** |
| v. | [Re: ECF Nos. 1 and 5] |
| GROUNDS, Warden, | |
| Respondent. | |
| _____/ | |

## INTRODUCTION

Jason W. Clark, an inmate at Salinas Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court reviewed his petition pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and dismissed it with leave to amend for Mr. Clark to identify the date of the parole hearing and to explain what he meant with his "Catch-22" claim. Mr. Clark filed an amended petition in which he cured only the first problem. This order requires the respondent to answer one claim.

## STATEMENT

Mr. Clark was convicted in San Bernardino County Superior Court of second degree murder and was sentenced in 1994 to 15 years to life in prison. In the present action, he challenges a July 24,

2013 decision by the Board of Parole Hearings to deny him parole.

## ANALYSIS

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 2(c) of the Rules Governing Section 2254 Cases In The United States District Courts instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." *See also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity).

Mr. Clark's original petition and amended petition are read together to better understand his claims. His first claim is that his First Amendment right to religious freedom was violated when the BPH "insisted that petitioner participate in a fundamentally religious program A.A./N.A. (Alcoholics/Narcotics Anonymous)." ECF No. 1 at 5; *see also* ECF No. 5 at 2. Liberally construed, this claim is cognizable as a claim for violation of Mr. Clark's First Amendment rights to freedom of religion. *See Inouye v. Kemna*, 504 F.3d 705, 712, 716 (9th Cir. 2007) (First Amendment is violated when the state coerces an individual to attend a religion-based drug or alcohol treatment program).

Mr. Clark describes his second claim as follows: "Fourteenth Amendment, Due Process and Equal Protection claim alleging a 'catch-22.' Parole commissioner admitted to being aware of a 'catch-22' situation with getting a date and accepted into a recovery program." ECF No. 5. The claim is dismissed for failure to state a claim upon which habeas relief may be granted. Mr. Clark had alleged his "catch-22" claim in his original petition, and the court dismissed it with leave to amend because the allegations "did not provide sufficient facts for the court or respondent to understand the nature of this claim." ECF No. 4 at 3. The amended petition and the two cases mentioned in it do not provide sufficient information for the reader to understand what he means by his contention that he is caught in a "Catch-22" situation. The claim is dismissed without leave to

C 14-2667 LB
ORDER     2

amend.

In his original petition, Mr. Clark had alleged a claim that his Fourteenth Amendment rights to due process were violated because the BPH continues to rely on unchanging factors in the psychological report to deny parole. The court dismissed this claim without leave to amend because *Swarthout v. Cooke*, 131 S. Ct. 859 (2011), bars claims challenging the quantum of evidence as well as the categories of evidence used by the parole board.  ECF No. 4 at 3.

## CONCLUSION

For the foregoing reasons,

1.  The claim that the BPH's denial of parole violated Mr. Clark's First Amendment religious freedom rights warrants a response.  All other claims are dismissed.

2.  The clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on Mr. Clark.

3.  Respondent must file and serve upon Petitioner, on or before **September 26, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the parole hearing or court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.  If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **October 24, 2014**.

5.  Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6.  Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: July 31, 2014

_____
LAUREL BEELER
United States Magistrate Judge