United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JASON W. CLARK,<br><br>    Petitioner,<br><br>    v.<br><br>GROUNDS, WARDEN<br><br>    Respondent.<br>_____/ | Case No. 14-2667 JSW<br><br>**ORDER DENYING PETITION FOR**<br>**WRIT OF HABEAS CORPUS AND**<br>**CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner, Jason Clark, a prisoner of the State of California, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that the California Board of Parole Hearings ("BPH") violated his First Amendment rights by insisting that he participate in a faith-based self-help program.  Respondent filed an answer to the petition, and Petitioner filed a traverse.  For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 1994, Petitioner was convicted in San Bernardino County Superior Court of second-degree murder and was sentenced to a term of 15-years-to-life in state prison.  In 2013, the BPH found Petitioner ineligible for parole.  He challenged the denial of parole in a habeas petition filed in the California Supreme Court on March 4, 2014. Ten days later, the

United States District Court
For the Northern District of California

California Supreme Court summarily denied the petition with a citation to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995).  On June 10, 2014, Petitioner filed the instant federal petition.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d).  The first prong applies to both questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor,* 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations.  *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254 (d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently that [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254 (d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions, but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254 (d)(2), a state court decision "based on a factual determination will not be overturned on factual  grounds unless objectively unreasonable in

2

the light of the evidence presented in the state-court proceeding." *Miller-El,* 537 U.S. 332 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

**DISCUSSION**

Petitioner claims that the BPH violated his First Amendment by insisting that he participate in a faith-based self-help program as a condition of parole. "The Constitution guarantees that the government may not coerce anyone to support or participate in religion or its exercise." *Lee v. Weisman*, 505 U.S. 577, 587 (1992). Specifically, the state may not require, compel, or coerce prisoners to attend AA/NA as a condition of parole. *Inouye v. Kemna*, 504 F.3d 705, 712-13 (9th Cir. 2007). The Ninth Circuit has adopted a three-part test to determine if there has been governmental coercion of religious activity. *Id*. at 713. The test consists of three sequential questions: 1) has the state acted, 2) does the action amount to coercion, and 3) is the object of the coercion religious rather than secular? *Id*. In *Inouye*, the prisoner's rights were violated because the state official told him he had to either attend AA/NA or be imprisoned. *Id*.

Petitioner claims that his rights were violated when a BPH Commissioner at his hearing stated, "I do want to tell you that AA/NA[1], a lot of people think that is a one-on-one [relationship] with a higher power." (Ex. A at 2). This statement does not satisfy the second prong of the *Inouye* test because it is not coercive  Stating that many people find the program to involve a religious component simply describes a feature of the program. At most, it could infer an endorsement of the program, but it does not require or condition parole upon Petitioner's participation. This is especially apparent when the statement is viewed in context. Petitioner had previously stated that he preferred CCCMS,[2] a non faith-based self-help program, to AA because of "the one-on-one [relationship] with the psychologist." (Ex. 8 at 48.) In that context, it is clear that the Commissioner was simply pointing out the similarities between AA/NA and CCCMS. The Commissioners

---

[1]Alcoholics Anonymous and Narcotics Anonymous

[2]Correctional Clinical Case Management System

United States District Court
For the Northern District of California

subsequently clarified that it also approved of CCCMS, stating "so taking charge and maybe going through this CCCMS one-on-one will open up many individual opportunities for you where you can start using your abilities to build strengths." (*Id*. at 50.)   Unlike in *Inouye*, at no point in the hearing did the BPH ever require, insist, or force Petitioner to participate in a faith-based self-help program in order to be eligible for parole.

Under these circumstances, the BPH did not violate his First Amendment rights, and the state court's denial of this claim was neither contrary to nor an unreasonable application of clearly established federal law.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.  A certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. Mcdaniel,* 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of the Respondent and close the file.

IT IS SO ORDERED.

DATED:  <u>August 25, 2015</u>

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
For the Northern District of California

4